Copley<br>v.<br>Bonner.

the sheriff to ascertain from the copy of the judgment and of the petition, which are alone to guide him in executing the writ of possession, that the road and the improvements he may find, are the same which existed when the petition was filed? He could not ascertain this without the declaration of both parties to the suit, or in default of it, without examining witnesses, which, as the court held in the case of *Williams* v. *Kelso*, would be a new trial of the case before the sheriff.

Believing that the judgment cannot be executed, we are of opinion that the case must be remanded for further proceedings.

Writs of injunction and of sequestration were issued in this case. We are of opinion that the plaintiff did not make out a case for a sequestration. He does not allege that he has been evicted through violence, or that he has reason to apprehend that the defendants will make use of their possession to dilapidate or to waste the fruits of the property. C. P. 275. We deem it proper to state that in possessory actions, where possession is claimed under title, and the calls of the title are not natural, or at least visible and fixed boundaries, a survey of the land is of great assistance to a proper determination of the extent of the possession.

It is ordered, that the judgment in this case be reversed. It is further ordered, that the sequestration sued out in this case be set aside and avoided. It is further ordered, that the case be remanded for further proceedings, the plaintiff paying the costs of this appeal and of the sequestration.

---

### WILLIAM LONG *v.* MARTIN, Curator, and PAXTON.

The question being whether the defendant was a *bonâ fide* purchaser, the fact that he employed counsel, and that the records were examined, and that he did not take a notarial act of sale, which, in the usual course of business, is accompanied by a mortgage certificate, (C. C. 3328,) but that he took a private act of sale, is a circumstance calculated to excite suspicion.

APPEAL from the District Court of the Parish of Claiborne. This case was tried by a jury before *Jones*, J. *Garrett*, for plaintiff. *Lawson* and *Scott*, for defendant. By the court:

SLIDELL, J. After a careful perusal of the evidence in this cause, we are not satisfied with the verdict and judgment below, and think the justice of the case will be more clearly ascertained, by subjecting it to further examination. We think there is reason to believe, that on further investigation, a larger amount, than was awarded by the jury, will be found due to the plaintiff from the succession of *Bell*. We are also of opinion, that the question whether *Paxton* was a *bonâ fide* purchaser without notice, should be further investigated. With regard, at least, to a portion of the property, the jury seems to have overlooked the fact, as we understand the evidence, that it was comprehended in a mortgage given by *Long*, acting for the firm of *Bell* and *Long*, in the year 1836, which mortgage appears to have been duly recorded in the mortgage office. The books of that office were in existence when *Bell*, in his individual name, sold the land and slaves to *Paxton*, although they have since been destroyed. It appears that *Paxton* consulted counsel about *Bell's* title, and the parish records were examined. It is a circumstance calculated to throw doubt over the transaction, that after this examination, the sale was not made by notarial

Long
v.
MARTIN.

act, which would, in the usual course of business, have been accompanied by a mortgage certificate, (Civil Code, 3328,) but by an act under private signature. We point to this circumstance, among others, as one of the considerations which have induced us to remand the cause. We also remark that the district judge, in refusing a new trial, expresses his dissatisfaction with the verdict. There is an obscurity in the case as now presented, arising, perhaps, in some degree, from the destruction of the parish records, which prevents us from coming to a satisfactory conclusion, and which, on a new trial, the parties will have an opportunity of clearing up.

Judgment reversed, and cause remanded; appellees to pay costs of appeal.